IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAVID SHANE FEEKES and MEGAN L. KRIETE-FEEKES, husband and wife, | ) ) ) | No. 41176-1-III |
| Appellants, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| TRIPLE M CONSTRUCTION, LLC, a Washington limited liability company, | ) ) ) | |
| Respondent. | ) ) ) | |

LAWRENCE-BERREY, J. — David Feekes and Megan Kriete-Feekes entered into two contracts with Triple M Construction LLC for construction work on their residential property. The Feekes terminated the contracts after partial performance. Triple M recorded a claim of lien for unpaid work.

The Feekes then brought a motion under RCW 60.04.081 for Triple M to show cause why its claim of lien should not be released as frivolous or reduced as clearly excessive. The trial court denied the Feekes' motion and awarded Triple M its

No. 41176-1-III
*Feekes v. Triple M. Constr.*

reasonable attorney fees and costs for prevailing. We affirm but deny Triple M its

reasonable attorney fees and costs on appeal.

FACTS[1]

The Feekes sought to have a pole building constructed on their property to serve as

their personal residence. Toward that goal, the Feekes entered into two contracts with

Triple M. "Contract #1055" was for Triple M to perform excavation work for

$27,405.98. Clerk's Papers (CP) at 123-38. "Contract #1056" was for Triple M to

perform concrete work for $32,257.99. CP at 139-57.

The Feekes paid one-half of each contract as a down payment before Triple M

began work. The parties later agreed to a change order for Contract #1056, increasing the

contract price to $35,509.99.

After Triple M performed most excavation and some concrete work, Mr. Feekes

cancelled the contracts by sending Triple M a text message:

---

[1] The parties dispute material facts, and the trial court's order did not include
findings on those disputed facts. Consistent with the notion that a claim of lien should
not be dismissed unless it is clearly frivolous, we present the facts favorably for the party
resisting dismissal of its lien, Triple M.

> Good day, at your convenience start working on an invoice for me to close the excavation portion of your bid please. I don't know how to complete the concrete as I would be interested in your guys finish as far as they have gotten but I need to work with them directly if and however that is possible. I'm getting my plumbing and electrical needs planned now so I will be interested in a frame bid broken down starting on exterior with a start and finish date.

CP at 25.

Triple M sent the Feekes invoices for the remaining balances—$12,321.27 for the excavation work and $328.23 for the concrete work. Because the Feekes refused to pay either invoice, Triple M recorded a claim of lien for the total invoiced balances.

The Feekes filed a motion for Triple M to show cause why its claim of lien should not be dismissed as frivolous or reduced as clearly excessive. The Feekes argued that Triple M's failure to provide them with the statutory "Notice to Customer"[2] rendered its claim of lien frivolous. The Feekes also argued that Triple M's lien should be reduced because (1) Triple M performed less than one-half of the contract work, (2) Triple M's work was deficient (in that it failed to place rebar in the footings and because the concrete was cracking), and (3) they had paid Triple M far more than the value they received. Triple M disputed these allegations, and the parties submitted dueling arguments

---

[2] *See* RCW 18.27.114(1).

3

regarding whether the Feekes acted as their own general contractor on the project, which would render Triple M exempt from providing the statutory notice.

The trial court considered the parties' arguments and determined (1) there were debatable issues regarding whether Triple M's claim of lien was frivolous, and (2) Triple M's claim of lien was not clearly excessive. In its oral ruling, the court observed:

> Feekes hired Triple M to provide at least some of the work on the structure that they wished to build on their personal property. But at the time they did the initial contract, there was no contract for them to complete all of the work. That was talked about as a possibility, but it was not contracted at the beginning.

Rep. of Proc. at 49.

Based on the two above determinations, the trial court denied the Feekes' motion and awarded Triple M its reasonable attorney fees and costs.

The Feekes appeal to this court.

ANALYSIS

The Feekes argue the trial court erred by not dismissing Triple M's claim of lien as frivolous. Alternatively, they argue the trial court erred by not reducing it as clearly excessive. We address each argument separately. But first, we discuss the appropriate standard of review and the summary procedure for dismissing a claim of lien.

4

No. 41176-1-III
*Feekes v. Triple M. Constr.*

*Standard of review*

When reviewing a trial court's order granting or denying a release or reduction of a claim of lien under RCW 60.04.081, we review its findings for substantial evidence and its legal conclusions de novo. *Intermountain Elec., Inc. v. G-A-T Bros. Constr., Inc.*, 115 Wn. App. 384, 390-91, 62 P.3d 548 (2003). Here, the trial court did not enter any findings on disputed factual issues. Thus, our review of the trial court's order is de novo.

*Summary procedure for dismissal of a claim of lien*

RCW 60.04.021 authorizes a lien in the contract amount for those who furnish labor, professional services, materials, or equipment for the improvement of real property at the owner's request. To perfect such a lien, a claimant must properly record a claim of lien in accordance with RCW 60.04.091.

RCW 60.04.081 authorizes a narrow and limited summary proceeding to determine if a claim of lien is frivolous and made without reasonable cause, or reduce it if it is clearly excessive. *Woodley v. Style Corp.*, 7 Wn. App. 2d 543, 551, 453 P.3d 739 (2019). A court must release the claim of lien if it is frivolous and made without reasonable cause or reduce it if it is clearly excessive. *Id.*

5

A.     THE VIABILITY OF TRIPLE M'S CLAIM OF LIEN

Having described the standard of our review and the summary procedure, we now address each of the Feekes' two arguments.

1.     *Whether Triple M's claim of lien was frivolous*

"A lien is frivolous if it is 'improperly filed beyond legitimate dispute' and 'so devoid of merit that it has no possibility of succeeding.'" *Id.* at 551-52 (internal quotation marks omitted) (quoting *Williams v. Athletic Field, Inc.*, 172 Wn.2d 683, 699, 261 P.3d 109 (2011)). This high standard exists to ensure that those claiming construction liens are not deprived of their right to a trial on a legitimate lien claim. *Id.* at 552. "Thus, a lien is not frivolous if it presents debatable issues of law and fact." *Id.*

The Feekes argue that Triple M's claim of lien meets the above frivolous standard because Triple M failed to provide them with the Notice to Customer as required by RCW 18.27.114(1). As explained below, we conclude that Triple M was not required to provide the statutory notice to the Feekes.

a. *Triple M did not agree to build a residential unit*

RCW 18.27.114(1) requires a contractor, in certain situations, to provide its customer a statutory notice prior to starting work. The notice generally advises the customer how to protect themselves and their property from lien claims. *Id.* If the

6

situation requires the contractor to provide the notice and the notice is not given, the

contractor is precluded from enforcing its lien. RCW 18.27.114(4).

RCW 18.27.114(1) requires a contractor to give a residential customer the

statutory notice only if the contractor agrees to repair, alter, or construct "four or fewer

residential units or accessory structures." Here, Triple M did not agree to construct even

one residential unit for the Feekes.[3] We conclude that Triple M was not required to

provide the statutory notice; therefore, its claim of lien was not frivolous.

> *b. Debatably, the Feekes acted as their own general contractor*

Another situation where a contractor need not provide its customer with

the statutory notice is when the contractor contracts with another contractor.

RCW 18.27.114(5). At the trial court level and on appeal, both parties argued

whether this exception applies.

RCW 18.27.010(1)(a) defines "contractor" to include "any person . . . who . . .

upon his or her property, employs members of more than one trade upon a single job or

project." Because RCW 18.27.114(1) requires the Notice to Customer to be provided

---

[3] The Feekes accidently conceded this point when, in his declaration, Mr. Feekes complained: "Triple M . . . tried to pressure me into signing more contracts for [its] company to complete more work." CP at 117.

7

before work begins, our inquiry is not whether the Feekes ultimately hired more than one trade, but whether that was their initial plan.

Here, the record is less clear on this point. On one hand, both contracts state they are "General Contractor Agreement[s]" and fairly imply that Triple M is the general contractor. CP at 123, 140. On the other hand, there is evidence that the Feekes always intended to hire more than one trade to work on their property. First, the building permit identifies the Feekes as the general contractor. Second, Mr. Feekes text messaged Triple M that he had arranged the plumbing and electrical work, and this arrangement occurred before the Feekes ever asserted that Triple M had breached the contracts. We conclude that it is debatable whether Triple M was required to provide the statutory notice, and so its claim of lien was not frivolous.

> 2.    *Whether Triple M's claim of lien was clearly excessive*

A claim of lien is clearly excessive if it is unquestionably above the usual or agreed amount. *Woodley*, 7 Wn. App. 2d at 560. On this issue, there is a significant factual disagreement.

The parties disagreed on the extent to which Triple M had completed both contracts, whether Triple M had breached the concrete contract and, if so, how much might be owed to whom. These questions are best answered at trial through questioning

and cross-examination, not in a summary process by affidavit. We conclude that the trial court did not err in declining to reduce Triple M's claim of lien.

B.    REASONABLE ATTORNEY FEES ON APPEAL

Triple M requests an award of reasonable attorney fees on appeal and cites RAP 18.1(a) and RCW 60.04.081(4). We deny its request.

RAP 18.1(a) provides: "*If* applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court." (Emphasis added.) The rule, itself, does not authorize recovery of attorney fees on appeal. Rather, the rule permits recovery of attorney fees on appeal only *if* applicable law grants that right and the party requests fees as prescribed by RAP 18.1. *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 493, 200 P.3d 683 (2009). The question then is whether RCW 60.04.081(4) grants the right to recover attorney fees on appeal.

RCW 60.04.081(4) provides in relevant part:

> If, following a hearing on the matter, . . . the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant.

The general rules of statutory construction are well summarized in *Pacific Northwest Shooting Park Association v. City of Sequim*:

> In interpreting a statute, our primary goal is to determine and give effect to the legislature's intent and purpose in creating the statute. We generally begin our analysis with the text of the statute. If the statute is clear and unambiguous on its face, we determine its meaning only from the language of the statute and do not resort to statutory construction principles. A statute is ambiguous only if it can be reasonably interpreted in more than one way, not merely because other possible interpretations exist.

158 Wn.2d 342, 354, 144 P.3d 276 (2006) (citations omitted).

A careful reading of RCW 60.04.081(4) shows that the statute's text does not support recovery of attorney fees on appeal. RCW 60.04.081(4) uses phrases such as "following a hearing" and "issue an order." First, the hearing referred to is the hearing at the trial court level. Many appellate cases, such as this, are decided without a hearing. Second, the order referred to is the order issued after the trial court hearing. Appellate courts generally issue opinions, not orders. We conclude that the statute can only be reasonably interpreted as permitting attorney fees at the trial court level.

Triple M cites *W.R.P. Lake Union Limited Partnership v. Exterior Services, Inc.*, 85 Wn. App. 744, 934 P.2d 722 (1997), in support of its request for reasonable attorney fees on appeal. There, Division One of this court stated, "Attorney fees are mandatory for the prevailing party under RCW 60.04.081(4)." *Id.* at 753. The *Lake Union* court

10

neither quoted nor analyzed the statute, yet awarded the prevailing party attorney

fees "both below and on appeal."  *Id.*  To the extent *Lake Union* concluded that

RCW 60.04.081(4) authorizes attorney fees on appeal, we decline to follow it.

Affirmed.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Cooney, A.C.J.                                               Murphy, J.